# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MALCOLM J JACKSON, | : | |
| Petitioner, | : | |
| | : | No. 4:18-cv-00157-CDL-MSH |
| v. | : | |
| STATE OF GEORGIA, | : | |
| Respondent. | : | |

## ORDER

Petitioner Malcolm Jackson filed a document entitled "Motion for Haering for Dpriving O.C.G.A. Law and Rules" in which he complains that he has been confined in the Muscogee County Jail for 149 days without bond and without being indicted. Mot. for Hearing 1, ECF No. 1. Because it appears that Petitioner seeks to challenge his pretrial confinement, the Magistrate Judge construed Petitioner's filing as an application for federal habeas relief brought under 28 U.S.C. § 2241 and directed Petitioner to recast his claim for relief on the Court's standard habeas application. Order 1, ECF No. 3. The Magistrate Judge further directed Petitioner to either pay the $5.00 fee applicable to habeas actions or file a motion to proceed without prepayment of the fee. *Id*. Thereafter, Petitioner filed his recast petition, paid the $5.00 filing fee, and filed a pleading entitled "Motion to Appeal Probation Revocation."

This case is now before the Court for preliminary examination as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the

reasons discussed below, this action is **DISMISSED WITHOUT PREJUDICE** and Petitioner's motion to appeal his state court probation revocation proceedings directly to this Court (ECF No. 7) is **DENIED.**

## I. Background and Discussion

According to Petitioner, he is currently confined in the Muscogee County Jail for simple assault, aggravated stalking, and violating the terms of his probation. Petitioner alleges that he has been denied bond since his March 12, 2018, arrest which he claims was based on false allegations from the district attorney that Petitioner made "72 phone calls" in violation of a "stay away order." Recast Petition 7, ECF No. 4. Petitioner asserts that the charges are partially based on "making the proper consent to contact, two types of consents from [Petitioner] in this case manner, without harassment or intimidation." *Id*. Petitioner further alleges that he was wrongfully charged with simple assault and other crimes "for an argument that [Petitioner] didn't start" and he did not attempt "to commit a violent injury" nor "place anyone in a reasonable apprehension" of injury. *Id.*

Petitioner allegedly attempted to file numerous motions in state court, but his motions have neither been docketed nor returned to him. On May 8, 2018, Petitioner filed a motion for self-representation, a motion for discovery, a motion to dismiss or modify, and a motion for "fast speedy trial." Petitioner filed another round of motions on June 20, 2018. *Id*. Petitioner also filed a motion for self-representation and motion to

withdraw his plea of guilty in case "13-CR-021."[1]  *Id*. at 8.  It appears that Petitioner is currently serving a term of probation pursuant to that guilty plea, and the terms of his probation may relate to some of the criminal charges now pending against Petitioner.

      i.      Barred by the Younger Abstention Doctrine

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1997)); *see also Younger v. Harris*, 401 U.S. 37 (1971).  Pursuant to the Supreme Court's decision in *Younger*, "federal courts should abstain from suits aimed at restraining pending state prosecutions" in the absence of extraordinary circumstances.  *Hale v. Pate*, 694 F. App'x 682, 683 (11th Cir. 2017) (per curiam) (citing *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1215-16 (11th Cir. 2002)).  "This 'settled law,' intended to preserve the independence of our concurrent judicial systems, requires '[the court's] sensitive consideration of ongoing proceedings in state courts' and 'that a federal court "tread lightly" when a state proceeding is already underway.'" *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1508 (11th Cir. 1991) (quoting *Blalock v. United States*, 844 F.2d 1546, 1549 (11th Cir. 1988)). "*Younger* advises that, when state proceedings are pending, constitutional issues should be

---

[1] To the extent that Petitioner seeks to contest a state court conviction in federal court, the appropriate method of doing so is through an application for writ of habeas corpus brought 28 U.S.C. § 2254. However, as discussed in further detail below, federal habeas petitions challenging state confinement are subject to exhaustion requirements.

raised in that forum, 'unless it plainly appears that this course would not afford adequate protection.'" *Id*. (quoting *Younger*, 401 U.S. at 45). There are three exceptions to the *Younger* doctrine, when "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes,* 377 F.3d at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54).

In this case, Petitioner is "challenging [that his] right[s] have been deprived and [that he is] being held as a prisoner for false accusations." Recast Pet. 2, ECF No. 4. Petitioner asserts he is detained despite "concrete information of [his] innocents," and he seeks a hearing in a higher court so that he may prove his innocence and have the charges against him dropped. *Id*. at 2. Based on this, it appears that Petitioner seeks to have this Court adjudicate the merits of his case and defenses, conclude that he is innocent, and order his release or the termination of the charges against him.[2] Petitioner's requested relief falls squarely within the *Younger* abstention doctrine, and he does not allege facts that support a finding that this case falls within one or more of the three exceptions to the *Younger* doctrine.

Federal habeas relief may lie when a state detainee requests to be brought to trial,

---

[2]"I ask to have this case matter healed in a higher court . . . ." Mot. for Hearing 4, ECF No. 1. "I'm only asking to be heard by a court with high recognition, a federal branch." *Id*. at 6. "I just want the courts to hear me out . . . and wish to have these charges dropped after a hearing has been scheduled." Recast Pet. 8, ECF No. 4. "[Petitioner] moves this court for an appeal . . . ." Mot. to Appeal 1, ECF No. 6. Petitioner does not request that he be brought to trial in state court.

but "no case 'permit[s] the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court,'" as Petitioner seeks to do here. *Wright v. Volland*, 331 F. App'x 496, 498 (9th Cir. 2009) (alteration in original) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 485-86 (1973)). "[A]bsent special and unique circumstances, federal habeas corpus does not lie to adjudicate the merits of affirmative defenses to state criminal charges." *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985) (citing *Braden*, 410 U.S. at 489); *Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987) ("[H]abeas relief cannot be used by [a petitioner] to adjudicate the merits of his [constitutional] defense."). Petitioner has not alleged any special circumstances warranting disruption of the state's criminal processes in this case. Consequently, this Court must abstain from interfering with Petitioner's ongoing state court criminal proceedings.

### ii. Failure to Exhaust State Court Remedies

Even if Petitioner's claims are not barred by the *Younger* abstention doctrine, he still would not be able to proceed with this habeas petition at this time. Before a petitioner may seek federal habeas relief, he must exhaust his state court remedies. *See Braden*, 410 U.S. at 489-92; *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas

petition. 28 U.S.C. § 2254(c).

The face of his Petition reveals that Petitioner has not exhausted his state court remedies. Petitioner's defenses "are properly brought during his criminal case and subsequent direct appeal, should he choose to file one." *Garcon v. Palm Beach Cty. Sheriff's Office*, 291 F. App'x 225, 226 (11th Cir. 2008) (per curiam). Therefore, exhaustion will generally require his case to proceed to trial and through the state appellate process if appropriate. *Tooten v. Shevin*, 493 F.2d 173, 176 (5th Cir. 1974). The charges against Petitioner are pending, and he retains the possibility of appeal if convicted. He may also appeal his probation revocation proceedings. Furthermore, Georgia permits defendants to raise constitutional and statutory speedy trial claims in pretrial motions. *Ruffin v. State*, 284 Ga. 52, 66 (2008); *Grizzard v. State*, 301 Ga. App. 613 (2009); O.C.G.A. § 17-7-70. A criminal defendant in Georgia also may contest the legality of his pretrial confinement through a state application for writ of habeas corpus. *See Hood v. Carsten*, 267 Ga. 579 (1997). Petitioner indicates that he has not filed a petition for writ of habeas corpus in state superior court and there is nothing to suggest he litigated his speedy trial claims.[3] Consequently, he has not exhausted his state court remedies.

### iii. Motion to Appeal

Finally, on October 15, 2018, Petitioner filed a "Motion To Appeal Probation

---

[3]Although Petitioner states that he filed motions in eight different agencies and courts, Recast Pet. 3, ECF No. 4, he indicates that he is currently represented by counsel and "*pro se* filings by represented parties are [] 'unauthorized and without effect.'" *Tolbert v. Toole*, 296 Ga. 357, 362 (2014) (quoting *Cotton v. State*, 279 Ga. 358, 361 (2005)).

Revocation" proceedings (ECF No. 7) in which he indicates that his probation was revoked on October 5, 2018.[4] He seeks to challenge the validity of the revocation proceedings based on a myriad of issues ranging from violations of the Georgia rules of evidence and conflicts of interest to sufficiency of the evidence and because "no statements was or were beyond a reasonable doubt." Mot. to Appeal Prob. Revo. 1, ECF No. 6. This Court has no authority "to review the final judgments of state courts," in the manner that Petitioner seeks. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting *Siegel v. Lepore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc)); *Lindsay v. Adoption by Shephard Care, Inc.*, 551 F. App'x 528, 529 (11th Cir. 2014) (per curiam). The appropriate method of contesting Petitioner's revocation proceedings is a petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Petitioner's motion, therefore, is denied.[5] The Clerk of Court is directed to provide Petitioner with an application for writ of habeas corpus brought under § 2254.

---

[4]In the event that Petitioner is now confined pursuant to the judgment revoking his probation, any challenge to his pretrial detention is moot as there exists an independent basis for his confinement. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir.1988) ("Because [petitioner] is now legally in federal custody, we must hold that his request for release from pretrial confinement is moot."). The Court, however, has insufficient information to make that determination.

[5]Petitioner primarily seeks to contest his pretrial confinement in this action and he may not pursue both claims in one habeas petition. *See* Rules Governing § 2254 Cases, Rule 2(e). Furthermore, it is clear that Petitioner has not had time to exhaust his state court remedies and he is attempting to appeal the revocation of his probation directly to this Court. Under Georgia law, Petitioner may pursue a discretionary appeal of his probation revocation proceedings. O.C.G.A. § 5-6-35(a)(5). To the extent that Petitioner may have requested to proceed with his probation revocation proceedings, any such claim is now moot.

## II. CONCLUSION

Pursuant to the above, Petitioner's pleading is **DISMISSED WITHOUT PREJUDICE** under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**SO ORDERED** this 15th day of November, 2018.

       s/Clay D. Land
       CLAY D. LAND
       CHIEF U.S. DISTRICT COURT JUDGE
       MIDDLE DISTRICT OF GEORGIA